IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| Peter Fernandez, | ) | Civil Action No. 9:10-889-MBS |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | **ORDER AND OPINION** |
| Lisa Metzger, United States of America,[1] | ) | |
| Defendants. | ) | |

This matter is before the court on Defendant United States of America's ("Defendant") motion to dismiss, filed on April 16, 2010. Entry 6. Plaintiff Peter Fernandez ("Plaintiff") did not file a response to Defendant's motion to dismiss. For the reasons set forth below, Defendant's motion to dismiss is granted**.**

Plaintiff alleges that on October 11, 2004, he was given a prescription for Levaquin by Robert Aryeetey, M.D. ("Dr. Aryeetey") to treat a bacterial infection. Compl. ¶ 4. Dr. Aryeetey is employed by the Beaufort-Jasper-Hampton Comprehensive Health Services, Inc. ("BCHS"). Plaintiff alleges that he "took the Levaquin as instructed by Liza Metzger ("Metzger") which resulted in an overdose and ultimately renal failure." Id. at ¶ 7. Metzger is a licensed pharmacist employed by Winn-Dixie in Hampton, South Carolina. Plaintiff further alleges that "as a result of taking the Levaquin . . . plaintiff has suffered severe and permanent mental and physical injuries and incurred substantial economic loss." Id. Plaintiff alleges that his damages "were proximately caused by

---

[1] This action originally named Lisa Metzger and Robert Aryeetey, M.D. as Defendants. On May 5, 2010, the court granted the United States of America's motion to be substituted as a Defendant in place Robert Aryeetey, M.D. pursuant to the Federal Tort Claims Act. Entry 9.

the negligent and reckless conduct of" Metzger and Dr. Aryeetey. Id. at ¶ 8.

Defendant contends that at the time Plaintiff's prescription was issued on October 11, 2004, Dr. Aryeetey was an employee of BCHS, and that as a BCHS employee, Dr. Aryeetey was deemed by the Department of Health and Human Services to be eligible for coverage under the Federal Tort Claims Act pursuant to 42 U.S.C. § 233(h).[2] Defendant's contentions are supported by the affidavit of Ian Rucker ("Rucker"), Attorney Advisor in the General Law Division, Office of General Counsel at the Department of Health and Human Services. See Entry 6-1.

Defendant contends that Plaintiff's claim is time-barred because Plaintiff failed to file a claim

---

[2] In its entirety, 42 U.S.C. § 233(h) reads:

> (h) Qualifications for designation as Public Health Service employee
>
> The Secretary may not approve an application under subsection (g)(1)(D) of this section unless the Secretary determines that the entity--
>
> (1) has implemented appropriate policies and procedures to reduce the risk of malpractice and the risk of lawsuits arising out of any health or health-related functions performed by the entity;
>
> (2) has reviewed and verified the professional credentials, references, claims history, fitness, professional review organization findings, and license status of its physicians and other licensed or certified health care practitioners, and, where necessary, has obtained the permission from these individuals to gain access to this information;
>
> (3) has no history of claims having been filed against the United States as a result of the application of this section to the entity or its officers, employees, or contractors as provided for under this section, or, if such a history exists, has fully cooperated with the Attorney General in defending against any such claims and either has taken, or will take, any necessary corrective steps to assure against such claims in the future; and
>
> (4) will fully cooperate with the Attorney General in providing information relating to an estimate described under subsection (k) of this section.

with the appropriate federal agency before the two-year statute of limitations expired. The court agrees. Plaintiff's exclusive remedy is furnished by 28 U.S.C. §§ 1346(b) and 2672, or the Federal Tort Claims Act ("FTCA").[3] Under 28 U.S.C. § 2401(b), a claim under the FTCA is "forever barred" unless the claim is presented in writing to the appropriate federal agency within two years after the claim accrues.[4] In medical malpractice cases, a plaintiff's claim may accrue "when the plaintiff knows or, in the exercise of due diligence, should have known both the existence and the cause of his injury." Gould v. U.S. Dep't of Health & Human Svcs, 905 F.2d 738, 742 (4th Cir. 1990) (en banc). According to the complaint, Plaintiff's tort claim accrued on or about October 11, 2004, the date upon which he was prescribed Levaquin by Dr. Aryeetey. Therefore, Plaintiff had until on or about October 11, 2006 to file a claim with the appropriate federal agency. According to Rucker's declaration, there is no record of Plaintiff filing a claim with the appropriate federal agency

---

[3] See 42 U.S.C. 233(a), which reads:

(a) Exclusiveness of remedy

The remedy against the United States provide by sections 1346(b) and 2672 of Title 28, or by alternative benefits provided by the United States where the availability of such benefits precludes a remedy under section 1346(b) of Title 28, for damage for personal injury, including death, resulting from the performance of medical, surgical, dental, or other related functions, including the conduct of clinical studies or investigation, by an commissioned officer or employee of the Public Health Service while acting within the scope of his officer or employment, shall be exclusive of any other civil action or proceeding by reason of the same subject-matter against the officer or employee (or his estate) whose act or omission gave rise to the claim.

[4] In its entirety, 28 U.S.C. § 2401(b) reads:

A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

3

within the two-year statute of limitations.[5] Thus, by the time Plaintiff filed this action in state court on October 11, 2007, his claim was already time-barred under the FTCA and § 2401(b).

Accordingly, the court grants Defendant's motion to dismiss (Entry 6). This case is hereby dismissed *with prejudice*.

**IT IS ORDERED**.

/s/ Margaret B. Seymour
United States District Judge

June 8 2010

Columbia, South Carolina

---

[5] Specifically, Rucker declares that he "caused a search of the Claims Branch's database to be conducted and found no record of an administrative tort claim filed by Peter Fernandez or an authorized representative relating to Beaufort-Jasper-Hampton Comprehensive Health Services, Inc., or Robert Aryeetey, M.D." Entry 6-1, ¶ 4.

4